**SO ORDERED.**

**SIGNED this 18 day of November, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

SAINTE DEON ROBINSON,                    CASE NO. 13-3491-8-SWH
                                         CHAPTER 7
    DEBTOR.


MEDPORT, INC.

    Plaintiff,                           ADVERSARY PROCEEDING
                                         NO. 13-00148-8-SWH-AP
    v.

SAINTE DEON ROBINSON

    Defendant.


### AMENDED ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the motion for summary judgment filed by MedPort, Inc. ("plaintiff") in this adversary proceeding, and was heard in Raleigh, North Carolina on August 21, 2014. Plaintiff objects to the dischargability of the debt owed to it by the debtor, Sainte Deon Robinson ("debtor") pursuant to 11 U.S.C §§ 523(a)(2)(A) and (a)(6). Plaintiff contends that the

factual findings contained in a state court default judgment should be afforded collateral estoppel effect, thus entitling it summary judgment in this dischargability action.

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and this objection to dischargability is a core proceeding within the meaning of 28 U.S.C. § 157(i), which this Court may hear and determine.

## BACKGROUND

The debtor is the President and sole shareholder of American General Real Estate Group, Inc. ("American General").  On February 13, 2008, American General executed a promissory note for the benefit of the plaintiff, which the debtor personally guaranteed.  The principal amount was $136,000.  The promissory note matured after ten days, on February 23, 2008.  After maturity, the note accrued interest at a rate of $1,000 per day.

American General defaulted on the promissory note, and plaintiff initiated an action against American General and debtor in state court on March 24, 2008, for breach of contract.  The complaint was amended in June of 2008 to include causes of action for fraud and unfair and deceptive trade practices.  Neither American General nor debtor filed an answer, and the Clerk of Forsyth County Superior Court entered default against them on October 13, 2008.  On October 17, 2008, after the entry of default, plaintiff served the debtor and American General with Requests for Admission pursuant to Rule 36 of the North Carolina Rules of Civil Procedure.[1]  Neither defendant

---

[1] Although an entry of default was of record prior to service of the Requests for Admission, the defendants were not precluded from responding to the Requests for Admission. See Kniep v. Templeton, 185 N.C. App. 622, 629-31 (2007) (stating that a defendant may respond to a Requests for Admission even after an entry of default because the defendant is "free to contest the sufficiency of [the] complaint to state a claim for recovery").

responded to the Requests for Admission. Plaintiff moved for default judgment on January 12, 2009, and a default judgment was entered against American General and debtor, jointly and severally, in the amount of $453,400 on June 4, 2009.[2] The default judgment set out initial findings which would support the ultimate finding of fraud, including willful misrepresentation made with the intent to induce reliance regarding the procurement of the loan. The initial findings were the result of unanswered Requests for Admission which were deemed admitted pursuant to Rule 36(a)(3). Neither defendant appeared in the state court action at any time.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

---

[2] The default judgment amount was comprised of damages for fraud, breach of contract, treble damages for unfair and deceptive trade practices, and costs.

In order to determine that a debt is not dischargeable under 11 U.S.C § 523(a)(2)(A) a creditor must establish all of the elements of fraud. See e.g., In re Rubin, 875 F. 2d 755 (9th Cir. 1989); In re Smith, 2006 WL 3333801 (Bankr. M.D.N.C. 2006). Plaintiff contends that the findings contained in the default judgment satisfy the essential elements of both bases for non-dischargeability, and should be afforded collateral estoppel effect, thereby entitling plaintiff to summary judgment. The debtor responds that notwithstanding the findings contained in the default judgment, default judgments are not afforded collateral estoppel effect under North Carolina law.

Principles of collateral estoppel apply to bankruptcy dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284 (1991). To determine the preclusive effect of a state court judgment, "the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel." In re Ansari, 113 F.3d 17 (4th Cir. 1997); see also Duncan v. Duncan, 448 F.3d 725 (4th Cir. 2006). If collateral estoppel is to apply in North Carolina (1) the issues must be the same as in the prior action; (2) the issues must have been raised *and actually litigated* in the prior action; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment on the merits. Burton v. City of Durham, 118 N.C. App. 676, 680 (1995) (citing Thomas M. McInnis & Associates, Inc. v. Hall, 318 N.C. 421, 428-29 (1986). The Fourth Circuit determined that default judgments fail to satisfy the "actually litigated" prong under North Carolina law stating:

> In sum, the Supreme Court of North Carolina has indicated both that it follows the traditional rule for collateral estoppel and that it views the restatement as presenting this rule. Thus . . . North Carolina courts have continued to adhere to the traditional view "that a default judgment cannot be used for collateral estoppel purposes."

4

Sartin v. Macik, 535 F.3d 284 (4th Cir.2008) (quoting In re Ansari, 113 F.3d 17 (4th Cir. 1997); see generally Restatement (Second) of Judgments § 27 cmt. E (1982) ("[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated"). Active participation in litigation by a party prior to the entry of default judgment has been recognized as an exception. See In re O'Quinn, 401 B.R. 739, 744 (Bankr. M.D.N.C. 2009). However, no facts in the record show the debtor actively participated in any stage of the litigation.

Plaintiff asks the court to distinguish this default judgment and find that fraud was "actually litigated" in the state court because the fraud findings were based upon Requests for Admission deemed admitted. The state court used the Rule 36 deemed admissions to make specific findings of fact, which were "conclusively admitted for the purposes of this action," Def.'s Mot. for Summ. J. 12, July 7, 2014.

However, the court cannot come to that conclusion. The underlying issues were not actually litigated, and the default judgment cannot be afforded collateral estoppel effect. See e.g., Raleigh Plumbing & Heating, Inc., v. Lamanna, Adv. Pro. No.11-00134-8-SWH (Bankr. E.D.N.C. Oct. 25, 2011). The language of Rule 36 clearly states that any admission made under this rule is for the purpose of the "pending action only[,]" and "cannot be used" against the party "in any other proceeding." Id., Rule 36(b); Fieldcrest Cannon, Inc. v. Fireman's Fund Ins. Co., 124 N.C. App. 232 (1996) ("[Rule 36] specifically limits the effect of a deemed admission"). This limited use of Requests for Admission was confirmed by the court in In re Pizante, 186 B.R. 484 (9th Cir. 1995). In Pizante, a creditor sought to deny the debtor his chapter 7 discharge based upon the debtor's alleged fraudulent transfer of a property interest to his wife. Summary judgment had been entered against the wife in a previous adversary proceeding based on her failure to properly respond to

5

Requests for Admission.  The court held that the admissions were only applicable to the case in which they were served.  Additionally, the court stated Requests for Admission do not satisfy the "actually litigated' requirement of collateral estoppel.  In re Pizante, 186 B.R. at 489; see In re Kugler, 170 B.R. 291 (Bankr. E.D.Va 1994) (finding deemed admissions fail to satisfy the "actually litigated" element of collateral estoppel; also stating in dicta that judgments based on deemed admissions were analogous to consent judgments, stipulated facts, and default judgments).

Accordingly, the default judgment which contains findings of fact based upon deemed admissions in the prior state court proceeding cannot be afforded collateral estoppel effect in this adversary proceeding.  The motion for summary judgment is **DENIED.**

    **SO ORDERED.**

**END OF DOCUMENT**